Peter Sheridan
P.O. Box 12331
Philadelphia, PA 19119
sheridan.pete@gmail.com
(617) 759-0099
Attorney for Plaintiffs Advanced Multilevel Concepts, Inc.;
Able Direct Marketing; Esthetics World;
International Business Development, Inc., Ken Nail
and Irv Pyun

Jehu Hand, in propria persona
24672 San Juan, Suite 204
Dana Point, California 92629
(949) 489-2400

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANCED MULITLEVEL CONCEPTS INC., ABLE DIRECT MARKETING, INC., KEN NAIL, ESTHETICS WORLD, INC., INTERNATIONAL BUSINESS, INC. and IRV PYUN<br><br>Plaintiffs<br><br>v.<br><br>EDWARD BUKSTEL, VITAMINSPICE, INC., RICHARD F. SEELING and DOES 1 through 30, inclusive<br><br>Defendants<br><br><br>EDWARD BUKSTEL and VITAMINSPICE, INC.<br><br>Counterclaim Plaintiffs/<br>Third Party Plaintiffs<br><br>v.<br><br>ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING, INC., ESTHETICS WORLD, INC. and INTERNATIONAL BUSINESS, INC.<br><br>Counterclaim Defendants<br><br>And JEHU HAND | CHAPTER 11<br><br>CASE NO. 11-16200MDC<br><br>Assigned to Hon. Magdeline D. Coleman<br>Courtroom 5<br><br>NOTICE OF REMOVAL<br>(Removed Case number in the District Court for the Eastern District of Pennsylvania 11-CV-3718) |

Third Party Defendant        )
                             )

Pursuant to 28 U.S.C. §§ 1452(a) and 1334(b) and Fed. R. Bankr. P. 9027, and without waiving any and all applicable defenses at law and in equity to the claim asserted in the Civil Action (as defined below). Plaintiffs/Counterclaim Defendants Advanced Multilevel Concepts, Inc.; Able Direct Marketing; Esthetics World; International Business Development, Inc.; Plaintiffs Ken Nail and Irv Pyun and Third-Party Defendant Jehu Hand("Plaintiff Parties") hereby give notice that they have removed the Civil Action from U.S. District Court for the Eastern District of Pennsylvania, to the U.S. Bankruptcy Court for the Eastern District of Pennsylvania. In support thereof, Plaintiff Parties state as follows:

1.    On June 8, 2011, Plaintiffs Advanced Multilevel Concepts, Inc., Able Direct Marketing, Esthetics World, International Business Development, Inc., Ken Nail and Irv Pyun, all shareholders of VitaminSpice, filed a complaint in the U.S. District Court for the Eastern District of Pennsylvania, case number 11-CV-3718, against VitaminSpice, and its officers and directors, Edward Bukstel and Richard F. Seelig, for breach of VitaminSpice's duty to register the transfer of Plaintiffs' 11,362,820 shares, conversion, breach of duty of officers and directors and violation of Securities Exchange Act §10b and Rule 10b-5 promulgated thereunder (the "Civil Action"). The damages claimed under the first two counts against VitaminSpice are $3,967,871, net of damages Plaintiffs were able to mitigate.

2.    On July 22, 2011, Defendants VitaminSpice ("Company") and Edward Bukstel filed an answer, and a Counterclaim and Third Party Complaint against Plaintiff Parties (save Nail and Pyun), and against Jehu Hand as a Third Party Defendant. The Counterclaim alleges violations of Securities Exchange Act §10b, common law fraud, and negligent

misrepresentation against all Counter-defendants and the Third Party Plaintiff; breach of fiduciary duty is also alleged against Third Party Defendant Jehu Hand. The Counterclaim and Third Party Complaint alleges that the Counter-defendants are all alter-egos of Jehu Hand. The theory of damages in the Counterclaim and Third Party Complaint is that by selling their shares of VitaminSpice in the public market, the Counter-defendants somehow diverted funds that properly belonged to VitaminSpice. Contemporaneously with the Answer and Counterclaim, VitaminSpice and Bukstel filed a motion to dismiss the complaint or disqualify plaintiff's counsel for attorney misconduct.

3. On August 11, 2011, the Plaintiffs/Counter-Defendants filed a motion to dismiss the Counterclaim..

4. On August 5, 2011, Plaintiff Parties Esthetics World, Jehu Hand and creditors John Robison, IBT of South Florida, and Learned J. Hand filed an involuntary case against VitaminSpice pursuant to 11 U.S.C. § 303 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Eastern District Bankruptcy Court"), Case No. 11-16200 MDC. On August 9, 2011, the creditors also filed a Motion to Appoint Trustee with the Eastern District Bankruptcy Court.

5. 28 U.S.C. § 1452(a) permits removal of "any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if [the] district court has jurisdiction of such claim or cause of action under § 1334 of this title." 28 U.S.C. § 1452(a). Under 28 U.S.C. § 1334(b), district courts have original (but not exclusive) jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.*

6. The Civil Action is "related to" the Eastern District Bankruptcy Court Chapter 11 case and constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b). The

Civil Action concerns the determination of claims against the estate of VitaminSpice with respect to the damages suffered by the Plaintiff Parties occasioned by the wrongful stop transfer of their 11,362,820 shares by Company management, and the conversion of those 11,362,820 shares, resulting in aggregate losses of approximately $3,967,871. This claim therefore comes within the definition of a "core" proceeding under 28 U.S.C. § 157(b)(2)(B). The Counterclaim by VitaminSpice is a counterclaim and therefore also constitutes a "core" proceeding under 28 U.S.C. § 157 (b)(2)(C).

7. The claims against VitaminSpice officers and directors Bukstel and Seelig are "related" to these claims under applicable case law. In the Third Circuit, a civil proceeding is "related to" a bankruptcy case if "the outcome of the [civil proceeding] could conceivably have any effect on the estate being administered in bankruptcy." *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Bukstel and Seelig are named Defendants in the Civil Action . Their claims and defenses will be relevant to an adjudication of VitaminSpice's debt to Plaintiff Parties and also because findings of fraudulent intent against Seelig and Bukstel could limit, on equitable grounds, their ability to enforce unpaid salary and legal expenses against the Company. Claims asserted in the civil proceeding by and against the above referenced parties will certainly "have an effect on the estate being administered in bankruptcy court" and therefore may be removed and consolidated with the related bankruptcy case.

8. The relevant factors laid out in the Third Circuit militate against permissive abstention regarding this case. In the Third Circuit, the relevant factors are: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of applicable state law; (4) comity; (5)

the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; (7) prejudice to the involuntarily removed defendants. *In re Grace Cmnty Inc.,* 262 B.R. 625, 630 (Bankr. E.D. Pa. 2001).

9. (1) Efficiency of the proceedings will be increased because of the direct effect that the Civil Action will have on the administration of the bankrupt estate. (2) State law issues are secondary in the civil action as they are subparts of one overarching securities fraud claim which is governed by a federal statute. (3) The state law claims such as Uniform Commercial Code, Conversion and breach of directors' fiduciary duties are well settled and relatively uniform. (4) Comity is not relevant when the other proceeding is in Federal Court. (5) There is a direct overlap between the civil action and the bankruptcy case in that it will determine the amounts owed to Plaintiff Parties by the Debtor. (6) No jury trial has been requested by any party. (7) Defendants will not be prejudiced by removal because they may make the same claims and defenses in bankruptcy court that were available to them in the Civil Action.

10. Thus, the Eastern District Bankruptcy Court has original jurisdiction over the claims asserted in the Civil Action pursuant to 28 U.S.C. § 1334(b). Plaintiff Parties hereby consent to the entry of final orders or judgments by the Eastern District Bankruptcy Court on all claims defenses and counterclaims asserted in the Civil Action.

11. The Bankruptcy Court for the Eastern District of Pennsylvania is the appropriate court for removal of the Civil Action from U.S. District Court for the Eastern District of Pennsylvania, pursuant to Fed. R. Bankr. P. 9027(a)(1), because both courts are in the same District.

12. Because the case in the Eastern District Bankruptcy Court commenced on

August 5, 2011, and no order for relief has been entered, this Notice of Removal is timely. Fed. R. Bankr. P. 9027(a)(2).

13. Thus, because this Court has original jurisdiction over the Civil Action and this case is not a civil proceeding in the U.S. Tax Court or a civil action to enforce a governmental unit's police or regulatory power, 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027 authorize removal of the Civil Action to this Court.

14. A copy of Plaintiffs' Complaint against VitaminSpice in the Civil Action, filed June 8, 2011, and all process and pleadings, will be filed presently with the Court. . Further, in accordance with Fed. R. Bankr. P. 9027(b) and 9027(c), Plaintiff Parties will serve a copy of this Notice of Removal on all parties to the Civil Action and will file a copy of this Notice of Removal with the clerk for the United States District Court for the Eastern District of Pennsylvania.

WHEREFORE, Plaintiff Parties remove the Civil Action in its entirety now pending before the United States District Court for the Eastern District of Pennsylvania, Case no. 11-CV-3718, to the United States Bankruptcy Court for the Eastern District of Pennsylvania.

/s/ Peter Edward Sheridan
Peter Edward Sheridan (#57837)
Attorney for Plaintiffs/Counterclaim Defendants Advanced Multilevel Concepts, Inc.; Able Direct Marketing; Esthetics World; International Business Development, Inc.; and Plaintiffs Ken Nail and Irv Pyun

Dated August 31, 2011

/s/ Jehu Hand

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

          Jehu Hand, in propria persona

          Dated August 31, 2011